Middleton, J.
This action was instituted in
the court of common pleas of Brown county by the plaintiff in error, George Kress, for himself and others as taxpayers, to enjoin the collection of a levy of two mills on the dollar of all the taxable property situate in said county, said levy having been made for the year 1916 by the board of county commissioners, for the repáir of certain public *396 highways, under favor of Section 7419, General Code.
The petition sets forth in detail the' resolution adopted by the board of county commissioners, under which said levy was made, and this resolution shows that in every instance it was found and declared that each public highway to be affected by the levy had been damaged by freshets, and that by reason thereof, and by reason of a large amount of traffic thereon, and from neglect and inattention to the repair thereof, said highway had become unfit for travel and caused difficulty, danger and delay to teams passing thereon. The petition further alleges that said public highways “had not been damaged by freshets, land-slides, wear of water courses or other casualties, but that the condition thereof was caused from neglect and inattention and by reason of a large amount of traffic thereon, and that by reason thereof the said county commissioners had no authority of law to make said levy of two mills and the same is void.”
To this petition the defendant in error, the county treasurer, filed an answer, which contains three defenses, the first of which may be considered merely a denial of the operative facts in the petition. In his second defense, however, the treasurer alleges that the aggregate tax rate in the taxing district in which the plaintiff in error resides, including the levy involved in this, action, was and is less than fifteen mills on the dollar of the taxable property therein; and in his third defense he pleads that in no taxing district in the county does the tax rate exceed said fifteen mills, including this levy of two mills.
*397 The plaintiff filed a demurrer to the second and third defenses aforesaid; upon consideration whereof the court of common pleas held that said defenses were sufficient, but that the petition itself did not state a cause of action. The plaintiff not desiring to plead further a judgment of dismissal was entered, to reverse which these proceedings are now prosecuted.
It appears from the facts stated in the petition, and from the claims now made by plaintiff in error, that he launched this case upon the theory, that, if no emergency existed requiring the levy in question, the board of county commissioners, under the provisions of said Section 7419, were without any authority to make said levy.
Whatever doubt and uncertainty have heretofore obtained in the courts and with the taxing authorities of this state in respect to the construction to be given Section 7419 are now removed by the very recent case of State, ex rel. Menning, v. Zangerle, 95 Ohio St., 1. In that case it is held that roads affected by the provisions of said section are of two classes; and Judge Matthias,, who announced the majority opinion of the court, in discussing this phase of the case, says at page 8:
“Roads requiring reconstruction or repair are of two general classes, the first embracing those roads which have been destroyed or damaged by freshet, landslide, wear of watercourses, or other casualty, any one of which conditions comes within the term ‘emergency’ as -above defined; the second, those roads which by reason of the large amount of tráffic thereon or from neglect or inattention to the repair thereof have become unfit for travel or *398 cause difficulty, danger or delay to teams passing thereon.”
The resolution adopted by the commissioners aforesaid, as before observed, finds and declares conditions to exist in respect to each turnpike which places it within both classes as above enumerated and defined. In other words, it is found and declared by the commissioners in said resolution that an emergency exists as to each road, and, further, that all the other conditions set forth in said section, which, under the definition above given, may be said not to constitute an emergency, also exist in respect thereto. We are now dealing with what this resolution contains only as an abstract proposition of law, and are, therefore, not concerned with any apparent conflicting and inconsistent findings that may appear therein. It therefore follows that the plaintiff, when he adopts the whole resolution without question, and bases his petition upon its declarations, and does not attempt to dispose of any of the facts alleged therein, except those which refer to the existence of an emergency, has met only one phase of the situation. If it be true, as he alleges in his petition, that no emergency may be shown to exist as to any of the roads named, this, fact will only remove them from the first class as specified in State, ex rel., v. Zangerle, supra, and as roads of the second class they still may be repaired by a levy under favor of this section within certain limitations. The only distinction between the two classes of roads which may be repaired under favor of this, section is that a levy for the repair of the first, or emergency class, may be made independent of the so-called Smith one per *399 cent, law (Section 5649-1 et seq., General Code), while a levy for the second class, or for roads which are out of repair by reason of the large amount of travel thereon, or from neglect and inattention, must be made within the limitations of said law. State, ex rel., v. Zangerle, supra.
The material matter now to be considered, however, is that the plaintiff does not in his petition in any manner whatever question, challenge or deny that conditions obtain, as stated in said resolution, which will authorize a levy if the roads named have become and are out of repair and dangerous by reason of the large amount of travel thereon or from inattention and neglect. We are, therefore, impelled to conclude that in this respect the petition is defective, and does not cover the whole situation as presented by the facts stated therein, and, therefore, is insufficient to sustain an action for an injunction.
The judgment of the lower court, therefore, in sustaining a demurrer to the petition will be affirmed.
As before observed, a demurrer was filed to the second and third defenses of the answer, which was overruled by the learned trial judge, which ruling must now be affirmed, for the reason that any answer to a defective petition must be held good as against a demurrer. But in thus affirming this entry we do not thereby sustain the sufficiency of the facts stated in the defenses aforesaid, were they pleaded in answer to a good petition. The theory of these defenses is that so long as the aggregate tax rate, including the levy under Section 7419, aforesaid, does not in any taxing district in the *400 county exceed fifteen mills, any of the conditions specified in said section, when found to exist, will sustain this levy. A§ we have already indicated, we do not question the proposition that a levy may be made under favor of Section 7419, which is within the limitations of the Smith one per cent, law, if conditions are shown to exist other than emergency as defined in State, ex rel., v. Zangerle, supra, but we can not adopt the contention that a limitation of fifteen- mills may apply to such a levy. Upon the contrary, the limitation of the Smith law, applying to this levy, is ten mills, as provided by Section 5649-2, which section controls and fixes the aggregate amount which may be levied under the facts as shown here, and which must include this levy of two mills, if it is to repair only such roads as have become dangerous by reason of neglect and inattention or because of a large amount of travel thereon.
In the case of State, ex rel., v. Sanzenbacher, 84 Ohio St., 506, the relative bearing of Sections 5649-2 and 5649-3a on the aggregate amount of taxes that may be levied was considered and determined by the court, and the former section was held to be the controlling law, while the latter section was considered as having only to do with interior limitations. While taxing authorities, therefore, may levy the full amount specified in the latter section for any one, or even more, of the purposes specified therein, yet they may not make such levy for all, for in that event the aggregate amount levied would exceed the ten mills prescribed in the former section and would impose upon the budget commission the duty of eventually reducing the *401 levy so made to conform to the provisions of said last-named section. (Rabe v. Board of Education, 88 Ohio St., 403, 418, and State, ex rel., v. Patterson, 93 Ohio St., 25, 34.) We are, therefore, of the opinion that the facts stated in the second and third defenses of the defendant’s answer would not constitute a valid defense to a good cause of action.
While the pleadings do not disclose the actual tax rate in the taxing district in which the plaintiff in error resides, it appears from one of defendant in error’s briefs that it is made up as follows:
County (Other than road under Cass highway law) ................. 2.8 mills
Township (Other than road under Cass highway law)..............95 mills
School .......................... 5.0 mills
Making a total of................ 8.75 mills
Manifestly, if these figures are true, the addition of two mills, on the levy herein, will make the aggregate rate 10.75 mills, which is in excess of the limitations of said Section 5649-2 and contravenes its provisions. If, therefore, no emergency may be shown in this case to sustain this levy, and the foregoing facts are true, the levy, is without authority of law and void.
We are, therefore, of the opinion that it is our duty in affirming the judgment herein of the lower court to remand this case to that court for further proceedings according to law, which would include leave in said court to the plaintiff iri error to file an *402 amended petition setting forth in full the facts in respect to the aggregate amount of the tax rate in the district involved.

Judgment accordingly.

Walters, J., concurs.
Sayre, J., not participating.